UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Kenneth Lee Brown,<br>    Plaintiff | Civil Case No. 1:08-CV-646<br>Barrett, J.<br>Hogan, M.J. |
| v. | |
| H. Wesley Robinson, et al.,<br>    Defendants | **REPORT AND<br>RECOMMENDATION** |

This matter is before the Court on defendants' motion to dismiss (Doc. 11), plaintiff's response thereto (Doc. 12), and defendants' reply memorandum. (Doc. 16). For the reasons that follow, defendants' motion to dismiss should be granted.

Plaintiff brings this action against four defendants for their roles in an alleged breach of contract while working for the National Legal Professional Associates (herein NLPA). (Doc. 1). The complaint alleges that the defendants all have some ownership and management capacities within NLPA. Plaintiff, a prisoner in Coleman, Florida, further alleges that defendants failed to provide agreed upon legal research, and that a case evaluation was performed "very wrong." (Doc. 1 at 5). Plaintiff contends that he made payments totaling $4,200 dollars pursuant to the contract, and received a $1,700 refund from NLPA. (Doc. 1).

Plaintiff also claims that H. Wesley Robinson was negligent in his "legal job." (Doc. 1 at 5). Furthermore, plaintiff offers a blanket statement that NLPA (who is not a named defendant in the case) violated his civil rights. Plaintiff is seeking $2,500 which he believes NLPA still owes him, $1,000,000 for punitive damages, $1,000,000 in compensatory damages for emotional distress, and $1,000,000 for pain and suffering. (Doc. 1)

Defendants seek dismissal on several grounds. First, defendants claim that plaintiff has

failed to state a claim upon which relief may be granted for lack of privity. Second, defendants contend that this court lacks subject matter jurisdiction because plaintiff brings this action for a breach of contract, and the contract calls for binding arbitration. Third, defendants claim that plaintiff has failed to meet the amount in controversy requirement for diversity jurisdiction. Fourth, defendants contend that plaintiff only paid them $3,200 and that NLPA refunded plaintiff $750. (Doc. 11).

Because the Court determines that it lacks federal jurisdiction over this matter, the Court declines to reach the alternate arguments raised by defendants and recommends that the motion to dismiss be granted.

To the extent plaintiff invokes the diversity jurisdiction of the Court, his complaint reveals such jurisdiction is lacking. A district court has jurisdiction over a suit between citizens of different states when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Plaintiff fails to allege facts showing his claim satisfies the $75,000 amount-in-controversy requirement for this Court's exercise of diversity jurisdiction.

In determining the amount in controversy, the Court "should consider the amount alleged in a complaint and should not dismiss a complaint for lack of subject matter jurisdiction unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *Massachusetts Casualty Ins. Co. v. Harmon*, 88 F.3d 415, 416 (6th Cir. 1996) (quotation omitted); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Kovacs v. Chesley*, 406 F.3d 393, 395 (6th Cir. 2005). In applying the legal certainty test, courts have found a legal certainty that more than the jurisdictional amount could not be

recovered where the applicable state law barred the type of damages sought by the plaintiff. *See Wood v. Stark Tri-County Building Trades Council*, 473 F.2d 272, 274 (6th Cir. 1973), citing *Vance v. Vandercook Co.*, 170 U.S. 468 (1898) (applicable state law did not permit punitive damages in a trover action); *Parmalee v. Ackerman*, 252 F.2d 721, 722 (6th Cir. 1958) (emotional distress damages not recoverable under Ohio law where no allegation of intent).

Here, plaintiff seeks compensatory damages of $2,500 which he believes NLPA still owes him, $1,000,000 for punitive damages, $1,000,000 in compensatory damages for emotional distress, and $1,000,000 for pain and suffering. (Doc. 1). The Court shall address each claim for damages in turn.

Plaintiff's blind assertion for "$1,000,000 in compensatory damages for mental, emotional distress" (Doc. 1, pg. 6) is not supported with sufficient facts to survive a motion to dismiss. In the face of a motion to dismiss for lack of subject matter jurisdiction, "the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974). Moreover, "[p]laintiffs cannot recover damages for emotional distress from a breach of contract unless the contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result." *Kishmarton v. William Bailey Constr., Inc.*, 93 Ohio St.3d 226, 230, 754 N.E.2d 785 (2001). Compensatory damages are not applicable here because a serious emotional disturbance is not likely to follow the non performance of a typical business contract. The alleged failure of the defendants to carry out proper legal research under the contract is not enough to satisfy the requirement for compensatory damages for emotional distress.

Plaintiff's conclusory claim for "$1,000,000 for pain and suffering" (Doc. 1, pg. 6) is also

not supported with sufficient facts to survive a motion to dismiss. In fact, there is nothing in the complaint, or in plaintiff's response to the motion to dismiss, which provides any explanation as to how the alleged breach of contract resulted in pain and suffering.

After a thorough review of the pleadings, it is clear that only the claim for a $2,500 refund is supported by sufficient facts to go towards satisfying the amount-in-controversy requirement. Thus, to meet the jurisdictional amount to confer diversity jurisdiction, plaintiff would have to recover at least $72,500.00 in punitive damages. However, as explained below, it appears to a legal certainty that plaintiff cannot obtain punitive damages in this matter.

Plaintiff essentially alleges a cause of action for breach of contract. (Doc. 1 at 5, 6). However, "[n]o punitive damages are available for breach of contract in Ohio." *Ketcham v. Miller*, 104 Ohio St. 372, 136 N.E. 145 (1922). Furthermore, punitive damages are not recoverable in an action for breach of contract "irrespective of the motive on the part of the defendant and no matter how willful the breach." *Kruse v. Vollmar,* 83 Ohio App.3d 378, 386, 614 N.E.2d 1136, 1141-1142 (1992) (citing *Digital & Analog Design Corp. v. North Supply Co.*, 44 Ohio St.3d 36, 45-46, 540 N.E.2d 1358, 1366-1367 (1989)). *See also Saberton v. Greenwald,* 146 Ohio St. 414, 426, 66 N.E.2d 224, 229 (1946); *Ketcham*, 104 Ohio St. at 377-78, 136 N.E. at 146. "An exception to this general rule is when the actions which constitute the breach of contract also amount to an independent, willful tort. If the necessary showing of malice is present, punitive damages may be recovered." *Spalding v. Coulson*, 104 Ohio App.3d 62, 78, 661 N.E.2d 197, 207 (1995). *See also Kruse*, 83 Ohio App.3d at 386, 614 N.E.2d at 1141-1142; *Ali v. Jefferson Ins. Co.*, 5 Ohio App.3d 105, 107, 449 N.E.2d 495, 497-498 (1982); *Sweet v. Grange Mut. Cas. Co.*, 50 Ohio App.2d 401, 406-407, 364 N.E.2d 38, 41-42 (1975). "Actual

4

malice consists of either a state of mind characterized by hatred, ill will or a spirit of revenge or a conscious disregard for the rights and safety of others which results in a strong probability of substantial harm to the affected persons." *Spalding v. Coulson*, 104 Ohio App.3d at 78, 661 N.E.2d at 207. *See also Arthur Young & Co. v. Kelly*, 88 Ohio App.3d 343, 352, 623 N.E.2d 1303, 1308-1309 (1993). Likewise, punitive damages may be awarded in tort cases upon a showing of fraud or insult. *Ali v. Jefferson Ins. Co.*, 5 Ohio App.3d 105, 107, 449 N.E.2d 495, 497-498 (1982).

Although the complaint in the instant case contains allegations of breach of contract, plaintiff has failed to plead any facts showing actual malice or fraud. A common law fraud claim consists of the following elements:

> (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

*Russ v. TRW, Inc.*, 59 Ohio St.3d 42, 49, 570 N.E.2d 1076, 1083 (1991). Plaintiff has failed to allege, and the Court is unable to discern from the complaint, any misrepresentations made by the defendants upon which plaintiff relied to his detriment. In addition, plaintiff has alleged no facts whatsoever tending to show the existence of an independent tort which would justify an award of punitive damages in this case. Accordingly, it appears to a legal certainty that the plaintiff cannot in good faith claim the jurisdictional amount because there is no basis in Ohio law for the recovery of punitive damages in this case.

Even assuming plaintiff could recover punitive damages under Ohio law, plaintiff would need to recover an award of $72,500.00 in punitive damages–or approximately 29 times the

5

compensatory damage demand–to meet the $75,000.00 jurisdictional minimum.  Such an award would be grossly disproportionate to the award of compensatory damages and would appear to be excessive under Ohio law, s*ee Dardinger v. Anthem Blue Cross & Blue Shield,* 98 Ohio St.3d 77, 781 N.E.2d 121 (2002), and outside of the federal Constitutional limits established by the Supreme Court.  *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) ("Single-digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution. . . .").  The Court is convinced to a legal certainty that plaintiff's claim is really for less than the jurisdictional amount.  Accordingly, the Court lacks subject matter jurisdiction on the basis of diversity of citizenship.  Therefore, defendants' motion to dismiss for lack of subject matter jurisdiction should be granted.

To the extent plaintiff invokes the federal question jurisdiction of the Court by claiming a "civil rights violation" (Doc. 1 at 5), his complaint fails to allege any facts showing a violation of federal law.  District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing his claim arises under federal law.  A case arises under federal law when an issue of federal law appears on the face of a well-pleaded complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  The Court cannot discern any possible federal claim stemming from plaintiff's allegations against the defendants.

**IT IS THEREFORE RECOMMENDED THAT** defendants' motion to dismiss (Doc. 11) be **GRANTED**.

Date: 4/15/2009                                  s/Timothy S. Hogan
                                                 Timothy S. Hogan
                                                 United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Kenneth Lee Brown,
    Plaintiff

v.

H. Wesley Robinson, et al.,
    Defendants

Civil Case No. 1:08-CV-646
Barrett, J.
Hogan, M.J.

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).